**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------------------X
CAROL HILL as Administratrix of the
Estate of Tyjuan Hill, deceased and CAROL
HILL,

       .

              Plaintiff,

      -against-

THE CITY OF NEW YORK, SGT. PATRICK QUIGLEY,
Sh. # 5 SGT. DANIEL CASELLA, Sh. # 1171,
SGT. GREGORY TOBIN, P.O. BENIGNO GONZALES
Sh. # 18645, P.O. BRADLEY TIROL Sh. # 24778, P.O.
LYHEEM OLIVER, Sh. # 15166, SAMBATH OUK,
Sh. # 3188 P.O. JOSE COFRESI, Sh. # 9315 POLICE OFFICER
CAIRLEY RIVERA, SGT. MAGGIE CLAMP, DETECTIVE
PATRICK HENN, DETECTIVE JUAN CREIGH,
DETECTIVE JOHN BECERRA, DETECTIVE ANTHONY
MANFREDI, DEPUTY INSPECTOR JOHN BENOIT ,
DETECTIVE BRIAN MEICHSNER, SGT .JOHN BALDINO,
DETECTIVE MARK DITORO, LT. LOUIS ARGENTO,
DETECTIVE THOMAS JUREWICZ, INVESTIGATOR
JUDE ANGLADE, DETECTIVE PHILIP MATHEW,
DETECTIVE CHRISTOPHER FLORIO, POLICE OFFICER
MICHAEL PONZI, DETECTIVE REGINA BURGOS &
POLICE OFFICER JOHN DOE 1-20
                        Defendants.
-----------------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF Case**

DOCKET # 15-cv-7223


MICHAEL COLIHAN- ATTORNEY AT LAW

                                44 Court Street
                                   Suite 906
                     Brooklyn, New York 11201

Phone (718) 488-7788

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------------------------------X
CAROL HILL as Administratrix of the
Estate of Tyjuan Hill, deceased and CAROL
HILL,
                    .
                                                    **COMPLAINT**

                        Plaintiff,
                                                    **JURY TRIAL DEMANDED**

            -against-
                                                    ECF CASE

THE CITY OF NEW YORK, SGT. PATRICK QUIGLEY,
Sh. # 5 SGT. DANIEL CASELLA, Sh. # 1171,            DOCKET # 15-cv-7223
SGT. GREGORY TOBIN, P.O. BENIGNO GONZALES
Sh. # 18645, P.O. BRADLEY TIROL Sh. # 24778, P.O.
LYHEEM OLIVER, Sh. # 15166, SAMBATH OUK,
Sh. # 3188 P.O. JOSE COFRESI, Sh. # 9315 POLICE OFFICER
CAIRLEY RIVERA, SGT. MAGGIE CLAMP, DETECTIVE
PATRICK HENN, DETECTIVE JUAN CREIGH,
DETECTIVE JOHN BECERRA, P.O. ANTHONY
MANFREDI, P.O. JOHN BENOIT , P.O. BRIAN MEICHSNER,
SGT .JOHN BALDINO, P.O. MARK DITORO
LT. LOUIS ARGENTO, DETECTIVE THOMAS JUREWICZ,
JUDE ANGLADE, DETECTIVE PHILIP MATHEW,
DETECTIVE CHRISTOPHER FLORIO, POLICE OFFICER
MICHAEL PONZI, DETECTIVE REGINA BURGOS &
POLICE OFFICER JOHN DOE 1-20 .


                        Defendants.
--------------------------------------------------------------------------------X


        Plaintiff, by her attorney, MICHAEL COLIHAN , complaining of the defendants, above
named, set forth and allege as follows :


                        **PRELIMINARY STATEMENT**

        1.        This is a civil rights action in which the plaintiff seeks relief for the defendants'

violation of the rights of her intestate, TYJUAN HILL and her rights secured by the Civil Rights

Act of 1871, 42 U.S.C. Section 1981,1983, & 1988,  and by the United States Constitution, including its Fourth and Fourteenth Amendments. The plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just. Plaintiff also asserts supplemental state law claims .

## JURISDICTION

2.      This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. § 1981, 1983 & 1988. Jurisdiction is conferred upon this court by 42 U.S.C. § 1983, and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiff's constitutional and civil rights. This action is brought in the District where the defendant is located.


## JURY TRIAL DEMANDED

3.      Plaintiff demands a trial by jury on each and every one of the claims pleaded herein pursuant to Federal Rule of Civil Procedure 38 (h)

## VENUE

4.      Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and ©.

## PARTIES

5.      Plaintiff CAROL HILL is a citizen of the County of Kings, City and state of New York. On or about the 29th  Day of November, 2012 she was appointed Administratrix of the Estate of Tyjuan Hill.


 6. That Tyjuan Hill died intestate in the County of Kings, City & State of New York, on September 20, 2012.


7. Defendant THE CITY OF NEW YORK was and is at all times relevant herein a municipal entity created and authorized under the laws of the state of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of patrol and general law enforcement for which it is ultimately responsible. Defendant THE CITY OF NEW YORK

assumes the risks incidental to the maintenance of a Police Department and the employment of police officers as said risk attaches to the public consumers of the services provided for by them.

8. Defendant SGT. PATRICK QUIGLEY is and was at all times relevant herein  a duly appointed and acting officer, servant employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

9. Defendant SGT. DANIEL CASELLA is and was at all times relevant herein  duly appointed and acting officer, servant employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

10. Defendant P.O. BENIGNO GONZALES, Sh. # 18645  is and was at all times relevant herein a duly appointed and acting officer, servant employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants was and is at all times

relevant herein acting under color of state law in the course and scope of his duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

11. Defendant P.O. BRADLEY TIROL, Sh. # 24778  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

12. Defendant P.O. LYHEEM OLIVER, Sh. #15166  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

13. Defendant P.O. SAMBATH OUK, Sh. # 3188  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

14. Defendant P.O. JOSE COFRESI  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties. This defendant was at all times acting under the supervision of the New York City Police Department.

15.  Defendant SGT. GREGORY TOBIN  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the

course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

16.   Defendant P.O. CAIRLEY RIVERA is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department..

17.   Defendant SGT. MAGGIE CLAMP  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

18. Defendant DETECTIVE PATRICK HENN  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY

OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

19. Defendant DETECTIVE JUAN CREIGH  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

20. Defendant DETECTIVE JOHN BECERRA  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

21. Defendant SGT. ANTHONY MANFREDI  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

22. Defendant DEPUTY INSPECTOR JOHN BENOIT is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

23.   Defendant DETECTIVE BRIAN MEICHSNER  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was

otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

24. Defendant SGT. JOHN BALDINO  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

25. Defendant SGT. MARK DITORO  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department..

26. Defendant LT. LOUIS ARGENTO  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF

NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department..

27. Defendant DETECTIVE PHILIP MATHEW is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

28. Defendant JUDE ANGELADE is and was at all times relevant herein a duly appointed and acting, servant, employee and agent of THE CITY OF NEW YORK, in the capacity of a Medico- Legal Investigator, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duties. This defendant was at all times acting under the supervision of the City of

New York.

29. Defendant DETECTIVE CHRISTOPHER FLORIO  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

30. Defendant POLICE OFFICER MICHAEL PONZI  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of his duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in him by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of his  lawful functions in the course of his duties .This defendant was at all times acting under the supervision of the New York City Police Department.

31. Defendant DETECTIVE REGINA BURGOS  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of her duties and functions as an officer, agent, servant,

and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of her  lawful functions in the course of his duties. This defendant was at all times acting under the supervision of the New York City Police Department.

32. Defendant DETECTIVE THOMAS JUREWICZ  is and was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendant was and is at all times relevant herein acting under color of state law in the course and scope of her duties and functions as an officer, agent, servant, and employee of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in her by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of her  lawful functions in the course of his duties. This defendant was at all times acting under the supervision of the New York City Police Department 32. Defendants POLICE OFFICER JOHN DOES 1-10 are and were at all times relevant herein  duly appointed and acting officers, servants employees and agents of THE CITY OF NEW YORK and or the New York City Police Department, a municipal agency of the defendant THE CITY OF NEW YORK. The afore named defendants were and are at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, was acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK, and was otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties .This defendant was at all times acting under the supervision of the New York City Police Department.

33. That at all times herein mentioned, the individually named defendants, either personally or though their employees, were acting under color of law and/or in compliance with the official rules, regulations, law statutes, customs, usages and/or practices of the State of New York and/or CITY OF NEW YORK.

34. That on or about the 12th day of December, 2012 the plaintiff CAROL HILL served and filed a notice of claim which conformed in all respects to the requirements of the General Municipal law.

35. That the City of New York has not held a 50-H hearing on this claim.

36. That a period of over 90 days have elapsed and the City of New York has neglected and refused to adjust this claim, despite due demand having been made, and the plaintiff has otherwise complied with all the conditions precedent to this action.

## STATEMENT OF RELEVANT FACTS

37. That on or about September 20, 2012, the decedent TYJUAN HILL was lawfully at or near Hamilton Avenue ,near its intersection with West 9th Street,   County of Kings City and state of New York.

38. That the defendants, including, but not limited to SGT. PATRICK QUIGLEY, without probable cause and without a warrant, unlawfully approached , shot and killed the plaintiff.

38.That, upon information and belief, the defendants P.O. JOHN DOE & the individually named defendants perjured themselves to members of the Kings County District Attorney's Office and other members of The New York City Police Department investigating the murder of TYJUAN HILL and lied under oath about Tyjuan Hill's commission of acts that never took place. They also tampered with evidence, caused the spoilation of evidence, intimidated witnesses and in other ways compromised the investigation into the death of TYJUAN HILL.

39. In particular, upon information and belief, defendants, including without limitation

DETECTIVE PATRICK HENN, DETECTIVE THOMAS JUREWICZ and JUDE ANGELADE falsified police reports and made false & perjurious statements, and committed other acts. The goal of the foregoing, included but was not limited to, was to indicate that " SGT" TOMBLIN' and/ or SGT. GREGORY TOBIN had shot and killed TYJUAN HILL when in fact this was not true. Upon information and belief, the aforementioned defendants committed these wrongful acts to impede the investigation into the death of TYJUAN HILL and for other improper and unlawful motives.

40. That by reason of the foregoing the plaintiff has suffered injury and damage.
.

## FIRST CLAIM

## DEPRIVATION OF RIGHTS UNDER THE
## UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

42. By their conduct and actions in shooting and killing the plaintiff, in committing perjury, in failing to intervene to stop the misconduct of other officers, as aforesaid,  defendants, and each of them, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

43. As a result of the foregoing, plaintiff suffered damage and injury .

## SECOND CLAIM

## FAILURE TO INTERVENE

44. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

45. The individual defendants, including, but not limited to SGT. DANIEL CASELLA,

SGT . GREGORY TOBIN, POLICE OFFICER BENIGNO GONZALES, POLICE OFFICER
BRADLEY TIROL, POLICE OFFICER LYHEEM OLIVER, POLICE OFFICER SAMBATH
OUK, POLICE OFFICER JOSE COFRESI,  had an affirmative duty and obligation to intervene
on behalf of the plaintiff's intestate whose constitutional rights were being violated in their
presence and with their knowledge.

46. The defendants did not intervene to prevent or terminate the unlawful conduct
described herein .

47. By reason of the foregoing the plaintiff suffered wrongful death and conscious pain
and suffering before his death.

48.  By reason of the foregoing, the plaintiff CAROL HILL is entitled to compensatory
damages in a sum to be decided by a jury, and is further entitled to punitive damages against the
individual defendants in an amount to be determined by a jury, and, in addition, reasonable
attorney's fees, costs and disbursements of this action.

## THIRD CAUSE OF ACTION- STATE LAW CLAIM FOR WRONGFUL DEATH

49. The plaintiff incorporates by reference the allegations set forth in all preceding
paragraphs as if fully set forth herein.

50. That the fatal injuries and death of the plaintiff's intestate TYJUAN HILL was caused
by reason of the carelessness, recklessness and negligence of the defendants, including but not
limited to SGT. PATRICK QUIGLEY, the other individually named defendants and POLICE
OFFICER JOHN DOE 1-10, including but not limited to the following;

a) failing to utilize less deadly methods of force available to them.

b) recklessly, carelessly and negligently discharging their service issued handguns
and shooting and killing the plaintiff's decedent without just cause

c) in shooting and killing the plaintiff's decedent in violation of the laws of the state of New York

d) in failing to keep their handguns in good working order and maintaining them in a defective manner

e) in failing to issue a warning to the plaintiff's decedent before employing deadly physical force

f) in intentionally shooting and causing the death of the plaintiff's decedent

g) in failing to properly train, supervise, select, discipline and manage their employees,

h) In other ways as continuing discovery shall disclose and in general being careless, reckless and negligent.

51. That by reason of the defendant's carelessness, recklessness and negligence, the plaintiff's intestate, TYJUAN HILL, died and left surviving as his distributee CAROL HILL.

52. That the plaintiff's intestate TYJUAN HILL suffered conscious pain and suffering before his death.

53. That because of the wrongful death of TYJUAN HILL, his mother CAROL HILL has been deprived of the loss of services and the comfort and society of his presence.

54. That because of the injuries sustained by TYJUAN HILL which resulted in his death, all occasioned by the gross negligence and wanton carelessness of the defendants, the plaintiff incurred funeral expenses and other expenses in connection with the burial of her son and will be forced to incur other expenses in connection with the settlement of the estate.

55. That by reason of the foregoing the plaintiff has sustained damages in an amount to be determined upon the trial of this action.


**AS AND FOR A FOURTH CLAIM ON BEHALF OF CAROL HILL**
(Violation of Right to a Fair Trial under 42 U.S.C. Section 1983)

56. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

57. Defendants and each of them, created false evidence during the investigation into the death of TYJUAN HILL, including, but not limited to making false statements, tampering with evidence, spoilation of evidence and the creation of  evidence, and the intimidation of witnesses.

58. The goals of the defendants unlawful conduct, as set forth in the preceding paragraph, was to justify and excuse the wrongful death of TYJUAN HILL, to impede the investigative process, to avoid presentation of this matter to a Grand Jury, and to allow those who killed TYJUAN Hill to escape justice .

59. By reason of the defendant's creation, fabrication, and use of false evidence against the plaintiff CAROL HILL, plaintiff suffered and experienced a violation of her right to a fair trial, that is, this civil action as well as a second brought by her the subject of which was the death of her son, as guaranteed by the Constitution of the United States.

60. By reason of the foregoing, the plaintiff CAROL HILL is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
Supervisory Liability under 42 U.S.C. Section 1983

61. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein

62. The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately and/or consciously indifferent to the rights of citizens in failing to properly train, select, supervise and discipline their employees

63. By reason of the foregoing, the plaintiff CAROL HILL is entitled to compensatory damages in a sum to be decided by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be determined by a jury, and, in addition, reasonable attorney's fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
Municipal Liability under 42 U.S.C. Section 1983
MONELL VIOLATION

64. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

65. Defendants, individually and collectively, while acting under color of state law, engaged in conduct that constituted a procedure, custom, usage, practice, rule and/or regulation of the municipal authority THE CITY OF NEW YORK which violates the Constitution of the United States.

66.   The aforementioned procedures, customs, usage, practices, rules and/or regulations of the NYPD includes, but is not limited to subjecting citizens to excessive force, arresting people without probable cause and engaging in a practice of falsification to conceal their abuse of authority. The wrongful acts include perjury and or lying under oath, known in the NYPD as "testilying", the planting of, and or perjurious statements with regard to, guns and other evidence , known in the NYPD as "flaking" and the making of false arrests to obtain overtime compensation, known in the NYPD as "collars for dollars ."

67. In addition, the NYPD engaged in a practice policy or custom of inadequate screening, hiring, investigation, retaining, training and supervision of its employees that was the moving force behind the violation of the plaintiff's rights as described in this complaint. By reason of the failure of the CITY OF NEW YORK to properly recruit, screen, train discipline and supervise its officers, including the individual defendants, In addition, despite receiving countless notices of claim and complaints of the Supreme Court of the State of New York as well as the United States District Courts for the Eastern and Southern Districts of New York, the defendant the CITY OF NEW YORK has tacitly ratified and authorized the conduct complained of, and has displayed deliberate indifference to the acts and conduct complained of herein.

68. That the City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by the plaintiff.

69. The foregoing customs, policies usages, practices, procedures and rules of the defendant the CITY OF NEW YORK constituted deliberate indifference to the safety, well being and constitutional rights of the plaintiff.         .

70.   A number of members of the New York City Police Department have been convicted of crimes involving corruption, perjury, making false allegations against civilians and other criminal activity.

71. In the year 2011, former Brooklyn South Narcotics Division officer Jerry Bowen was convicted of homicide and attempted murder while he was under indictment for other crimes.

72. Former NYPD Commissioner Bernard Kerik was convicted of corruption related crimes in connection with his employment with the NYPD and served time in federal prison.

73. In *Colon v the City of New York*, Nos. 09 cv 8, 09 cv 9 (JBW) 2009WL 4263362 (EDNY November 25, 2009), the federal court stated that an " informal inquiry by this court and among the judges of this court, as well as knowledge of cases in other federal & state courts has revealed anecdotal evidence of repeated, widespread falsification by arresting officers of the NYPD.

74. With respect to the individually named defendants, the defendant the CITY OF NEW YORK had notice of the following actions brought in the US District Courts for the Eastern and Southern Districts of New York. The defendant the CITY OF NEW YORK had actual notice of all these actions since its Law Department and Corporation Counsel filed notices of appearance in all these actions and represented the defendants and or settled all of same .

75. As to defendant PATRICK HENN he was a named defendant in the civil rights matter venued in this court entitled ANNUNZIATA v  the City of New York, 06-cv-07637. In that case the matter was tried to verdict in favor of the plaintiff and against the defendants, and found that PATRICK HENN had violated the plaintiff's civil rights. In Annunziata, the evidence in large part showed that PATRICK HENN had coerced Bruce Mitchell into giving false testimony against the plaintiff KAREEM ANNUNZIATA, in the Kings County Grand Jury, causing the plaintiff's incarceration for a period of over nine months

76 . Despite the foregoing, the City of New York exercised deliberate indifference to

the aforementioned abuses against civilians such as the plaintiffs by failing to take remedial action. The City failed to properly train, retain supervise discipline and monitor the defendants ad other members of the service guilty of similar abuses. Upon information and belief, the officers involved in these and other similar matters have been the subject of numerous CCRB and IAB complaints which the City has failed to properly investigate and or deliberately ignored.

77. The City's failure to act resulted in a violation of the plaintiff's constitutional rights.

78.    At all times material to this complaint, defendant THE CITY OF NEW YORK had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

79. At all times material to this complaint, defendant THE CITY OF NEW YORK failed to properly train, screen, supervise, or discipline employees and police officers, and failed to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline the individually named defendants .  The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein, causing injury and damage in violation of plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

80. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, including but not limited to the right to

To be free from the use of excessive force, assault, wrongful death and summary punishment.

To have other officers intervene when a police officer abuses a civilian.

To not be deprived of due process of law and the right to a fair trial and civil proceeding.

81.  As a result of the foregoing, plaintiff's decedent suffered wrongful death, pain and suffering, great humiliation, costs and expenses, and was otherwise damaged and injured.

WHEREFORE, the plaintiff respectfully preys to the court for judgment upon each cause of action as follows:

a. Compensatory damages in an amount which this Court shall consider to be just and fair:

b. Punitive and exemplary damages in an amount which this Court shall consider to be just & fair;

c. Attorney's fees in an amount which this Court shall consider just & fair;

d.  Together with the costs and disbursements of this action and such other and further relief which this Court may seem just & proper.

DATED: BROOKLYN, NY
September 14, 2015

+

.                                        This is an electronic signature
                                        --------------/s/------------------------------
                                        MICHAEL COLIHAN (MC-0826)
                                        Attorney for the Plaintiff
                                        44 Court Street
                                        Suite 906
                                        Brooklyn, NY 11201
                                        (718) 488-7788